FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
~~Alexandria~~ Division
Richmond

2014 MAY 30 P 4: 01

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| STARTRAK INFORMATION TECHNOLOGIES, LLC, | CIVIL ACTION NO. 3:14-cv-384 (REP) |
| *Plaintiff*, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| MARK-IT SERVICES, INC. and WAM TECHNOLOGIES LLC, | |
| *Defendants*. | |

COMES NOW, Plaintiff StarTrak Information Technologies, LLC, for its Complaint against Mark-It Services, Inc. and WAM Technologies LLC (collectively, "Defendants"), alleges as follows:

## PARTIES

1. StarTrak Information Technologies, LLC ("STIT") is a limited liability company formed under the laws of the State of Delaware with its principal place of business at 395 W. Passaic Street, Suite 325, Rochelle Park, New Jersey 07662.

2. Defendant Mark-It Services, Inc. ("Mark-It") is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business at 668 Route 70 West, Lakehurst, New Jersey 08733. Mark-It does business throughout the country and in the Eastern District of Virginia and is subject to the jurisdiction of this Court. Mark-It is the parent corporation of WAM Technologies LLC.

1

3. Defendant WAM Technologies LLC ("WAM") is a limited liability company organized under the laws of the State of Florida, with its principal place of business at 16101 Coco Hammock Way, Fort Myers, Florida 33908. WAM does business throughout the country and in the Eastern District of Virginia and is subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

4. This is a complaint for infringement of United States patents under 35 U.S.C. §§ 271 and 281.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

6. Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b). STIT has operations in Sterling, Virginia, including product development, sales, marketing, computer application services delivery, and legal operations. On information and belief, Defendants jointly and severally committed acts of infringement within this district. These acts include the sale of infringing monitoring and tracking services, including the Reefer Watch® service, for transport refrigeration units to shipping, trucking, and/or rail transportation companies that regularly operate in this district. For example, Mark-It services customers out of Norfolk, Virginia, including CSX and Norfolk Southern Railway.[1] Additionally, Mark-It "is currently responsible for all reefer movements for ... Maersk, OOCL, [and] NYK."[2] Maersk, OOCL, and NYK all regularly operate out of ports located in this district. WAM "offers hardware, software and services for the remote wireless management and control of refrigerated

---

[1] Mark-It, http://www.mark-itservices.com/coverage.html (Mark-It is "in the latter portion of ... full[] integrat[ion] ... for rail tracing" with CSX.)
[2] Mark-It, http://www.mark-itservices.com/experience.html.

containers (reefers) ... [c]ombined with [its] parent company, Mark-It Services."[3] These services include the use and management of the Reefer Watch® service.[4] Finally, both Defendants share management.

7. This Court has personal jurisdiction over Defendants because Defendants, on information and belief, have jointly and severally committed acts within the Eastern District of Virginia that give rise to this action, and each of the Defendants has established minimum contacts with the forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and justice.

## FACTS

8. On April 20, 2010, the United States Patent and Trademark Office issued U.S Patent No. 7,702,327 ("the '327 Patent") entitled *"WIRELESS CONTROL FOR CREATION OF, AND COMMAND RESPONSE TO, STANDARD FREIGHT SHIPMENT MESSAGES"* to Arthur J. O'Toole and Thomas A. Robinson. A copy of the '327 Patent is attached as Exhibit A. The '327 Patent claims a freight management system that transmits conditions of freight assets (*e.g.*, cargo) to users. The entire right, title and interest to the '327 Patent has been assigned to STIT. STIT is the owner and possessor of all rights pertaining to the '327 Patent.

9. STIT provides wireless monitoring applications and solutions for the global transportation and maritime markets. STIT offers "reefer" services – *i.e.*, refrigerated cargo services. Through ReeferTrak®, STIT offers reefer services for cargo transported by boat, rail, and truck. ReeferTrak® allows STIT's customers to monitor in real time cargo location, temperature, fuel level, other conditions, and provide other functionality.

---

[3] WAM, http://www.wamcentral.net/about-us.html.
[4] WAM, http://www.wamcentral.net/wam-services.html.

10. Defendants compete directly with STIT. Defendants offer a wireless Reefer Watch®, a reefer service introduced approximately four years ago after a STIT contractor who worked on ReeferTrak® left STIT, joined Defendants, and – upon information and belief – is now a technical contributor to Reefer Watch®.

11. According to Defendants, Reefer Watch® now "manag[es] more than one million moves per year", and Mark-It is "the number one choice of all major shipping lines for all their monitoring needs."[5] Defendants market Reefer Watch® as "a web-based, personalized tool for tracking, tracing and providing inspection and repair information for the refrigerated container/intermodal industry."[6]

12. Upon information and belief, through their competing Reefer Watch® service, Defendants infringe the '327 Patent.

## COUNT I
### (Infringement of the '327 Patent)

13. STIT incorporates Paragraphs 1 through 12 as if fully set forth herein.

14. This cause of action for patent infringement arises under 35 U.S.C. § 271(a), 271(b), and 271(c).

15. Upon information and belief, Defendants jointly and severally directly infringe the '327 Patent by making, using, offering for sale, and/or selling in the United States, without authorization, wireless reefer service, including at least the Reefer Watch® service. Upon information and belief, in operation Reefer Watch® service uses equipment and systems that perform each and every element recited in at least claim 1 of the '327 Patent. In the alternative, and upon information and belief, by offering the Reefer Watch® service to customers who in

---

[5] http://www.mark-itservices.com/reeferwatch.html
[6] *Id.*

turn use the Reefer Watch® service, and upon information and belief, Defendants contributorily infringe and/or induce the infringement of the '327 Patent.

16. As a result of Defendants' infringement of the '327 Patent, STIT has suffered irreparable harm for which STIT has no adequate remedy at law. Unless enjoined by this Court, Defendants' infringement will continue and result in further irreparable harm to STIT, a primary competitor in the marketplace.

17. Defendants' joint and several infringement of the '327 Patent has deprived, and will deprive, STIT of business, profits and/or royalties that it otherwise would have received.

**PRAYER FOR RELIEF**

WHEREFORE, STIT demands judgment in its favor and against Defendants, and that this Court:

A. Preliminarily and permanently enjoin Defendants, and each of them, their officers, directors, agents, and employees, and all persons or entities in active concert or participation with any of them from infringing the '327 Patent;

B. Adjudge Defendants liable for the payment of the damages recoverable by STIT under 35 U.S.C. § 284 as a result of the wrongful making, using, and/or selling of STIT's invention as claimed in STIT's '327 Patent, the exact extent of which cannot now be determined by STIT;

C. Award STIT money damages under 35 U.S.C. § 284 sufficient to compensate STIT for the financial damage caused by Defendants' joint and several infringement;

D. Award STIT reasonable attorney's fees under 35 U.S.C. § 285;

E. Award STIT its costs in bringing the above captioned action; and

F.  Award STIT such other and further relief that may be authorized by statute or that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

STIT demands a trial by jury of all issues so triable in this action.

_____
Shauna M. Wertheim

Respectfully submitted
**StarTrak Information Technologies, LLC**
By Counsel

Dated: May 30, 2014      _____
Shauna M. Wertheim (VA Bar No. 33690)
Robert M. Hansen (VA Bar No. 44136)
THE MARBURY LAW GROUP, PLLC
11800 Sunrise Valley Drive, 15th Floor
Reston, VA 20191-5302
(703) 391-2900
(703) 391-2901 facsimile
swertheim@marburylaw.com
bhansen@marburylaw.com

Daniel A. Kotchen, *Pro Hac Vice* Pending
Mike von Klemperer, *Pro Hac Vice* Pending
Aimee Doyle, *Pro Hac Vice* Pending
Kotchen & Low LLP
1745 Kalorama Rd., N.W.
Suite 101
Washington, D.C. 20009
(202) 471-1995
(202) 280-1128 facsimile
dkotchen@kotchen.com
mvonklemperer@kotchen.com
adoyle@kotchen.com

*Counsel for Plaintiff, StarTrack Information Technologies, Inc.*