**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| STARTRAK INFORMATION TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MARK-IT SERVICES, INC. and WAM TECHNOLOGIES LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 3:14cv384-REP |

## DEFENDANTS MARK-IT SERVICES, INC. AND WAM TECHNOLOGIES LLC'S ANSWER

Defendants Mark-It Services, Inc. and WAM Technologies LLC (collectively, the "Defendants"), by and through their attorneys, for their Answer to the Complaint of StarTrak Information Technologies, LLC ("Plaintiff" or "STIT"), state as follows. Any allegations not specifically and expressly admitted are denied.

## PARTIES

1. StarTrak Information Technologies, LLC ("STIT") is a limited liability company formed under the laws of the State of Delaware, with its principal place of business at 395 W. Passaic Street, Suite 325, Rochelle Park, New Jersey 07662.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore deny them.

2. Defendant Mark-It Services, Inc. ("Mark-It") is a corporation organized under the laws of the State of Pennsylvania, with a principal place of business at 668 Route 70 West, Lakehurst, New Jersey 08733. Mark-It does business throughout the country and in the Eastern

1

District of Virginia and is subject to the jurisdiction of this Court. Mark-It is the parent corporation of WAM Technologies LLC.

ANSWER: Defendants admit that Mark-It Services, Inc. is a corporation organized under the laws of the State of Pennsylvania and that Mark-It Services, Inc. has done business in Pennsylvania. Defendants deny any and all remaining allegations in Paragraph 2. Specifically, Mark-It Services, Inc. denies that it is subject to personal jurisdiction in Virginia or that it is the parent corporation of WAM Technologies, Inc. Defendants note that Mark-It Services, Inc. has nothing to do with the "Reefer Watch® service" accused of infringement.

3. Defendant WAM Technologies LLC ("WAM") is a limited liability company organized under the laws of the State of Florida, with a principal place of business at 16101 Coco Hammock Way, Fort Myers, Florida 33908. On information and belief, WAM is a subsidiary of Mark-It Services, Inc. WAM does business throughout the country and in the Eastern District of Virginia and is subject to the jurisdiction of this Court.

ANSWER: WAM Technologies LLC admits that it is a limited liability company organized under the laws of the State of Florida. WAM Technologies LLC also admits that it has done business with companies who have operations in many states, including Virginia. Defendants deny any and all remaining allegations in Paragraph 3. Specifically, WAM Technologies LLC denies that its principal place of business is 16101 Coco Hammock Way, Fort Myers, Florida 33908, denies that it is a subsidiary of Mark-It Services, Inc., and denies that it is subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

4. This is a complaint for infringement of United States patents under 35 U.S.C. §§ 271 and 281.

ANSWER: Defendants admit that Plaintiff purports to state a claim for patent infringement. Defendants deny any remaining allegations of Paragraph 4.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

ANSWER: Admitted.

6. Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b). STIT has operations in Sterling, Virginia, including product development, sales, marketing, computer application services delivery, and legal operations. On information and belief, Defendants jointly and severally committed acts of infringement within this district. These acts include the sale of infringing monitoring and tracking services, including the Reefer Watch® service, for transport refrigeration units to shipping, trucking, and/or rail transportation companies that regularly operate in this district. For example, Mark-It services customers out of Norfolk, Virginia, including CSX and Norfolk Southern Railway.[1] Additionally, Mark-It "is currently responsible for all reefer movements for … Maersk, OOCL, [and] NYK."[2] Maersk, OOCL, and NYK all regularly operate out of ports located in this district. WAM "offers hardware, software and services for remote wireless management and control of refrigerated containers (reefers) … [c]ombined with [its] parent company, Mark-It Services."[3] These services include the use and management of Reefer Watch® service.[4] Finally, both Defendants share management.

ANSWER: Defendants deny the allegations of Paragraph 6. Defendants specifically deny that venue is proper or convenient in this district. Further, Defendants deny that they have

---

[1] Mark-It, http://www.mark-itservices.com/coverage.html (Mark-It is "in the latter portion of … full[] integrat[ion] … for rail tracing" with CSX.)
[2] Mark-It, http://www.mark-itservices.com/experience.html.
[3] WAM, http://www.wamcentral.net/about-us.html.
[4] WAM, http://www.wamcentral.net/wam-services.html.

3

jointly and severally committed acts of infringement within this district, and Mark-It Services, Inc. denies that it has serviced any customers in Virginia, and certainly not "out of Virginia." Defendants have not infringed any valid claim of Plaintiff's asserted patent. While WAM Technologies LLC has reefer monitoring and tracking customers who themselves sometimes transport through Virginia, any monitoring or tracking takes place outside of Virginia, primarily at WAM Technologies LLC's Skillman, New Jersey office. Defendants also specifically deny that Mark-It Services, Inc. is the parent corporation of WAM Technologies LLC or that Defendants share management.

7. This Court has personal jurisdiction over Defendants because Defendants, on information and belief, have jointly and severally committed acts within the Eastern District of Virginia that give rise to this action, and each of the Defendants has established minimum contacts with the forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and justice.

ANSWER: Defendants deny the allegations of Paragraph 7, and incorporate by reference their response to paragraph 6.

## FACTS

8. On April 20, 2014, the United States Patent and Trademark Office issued U.S Patent No. 7,702,327 ("the '327 Patent") entitled *Wireless Control for Creation of, and Command Response to, Standard Freight Shipment Messages*" to Arthur J. O'Toole and Thomas A. Robinson. A copy of the '327 Patent is attached as Exhibit A. The '327 Patent claims a freight management system that transmits conditions of freight assets (*e.g.,* cargo) to users. The entire right, title and interest to the '327 Patent has been assigned to STIT. STIT is the owner and possessor of all rights pertaining to the '327 Patent.

4

ANSWER: Defendants admit that the '327 Patent states on its face that it issued on April 20, 2014, lists Arthur J. O'Toole and Thomas A. Robinson as inventors, and that the title of the '327 Patent is *Wireless Control for Creation of, and Command Response to, Standard Freight Shipment Messages.* Defendants also admit that a copy of the '327 Patent appears to be attached to the Complaint as Exhibit A. Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 8, and therefore deny them.

9. STIT provides wireless monitoring applications and solutions for the global transportation and maritime markets. STIT offers "reefer" services – *i.e.*, refrigerated cargo services. Through ReeferTrak®, STIT offers reefer services for cargo transported by boat, rail, and truck. ReeferTrak® allows STIT's customers to monitor in real time cargo location, temperature, fuel level, other conditions, and provide other functionality.

ANSWER: Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 9, and therefore deny them.

10. Defendants compete directly with STIT. Defendants offer a wireless Reefer Watch®, a reefer service introduced approximately four years ago after a STIT contractor who worked on ReeferTrak® left STIT, joined Defendants, and – upon information and belief – is now a technical contributor to Reefer Watch®.

ANSWER: Defendants deny the allegations of Paragraph 10.

11. According to Defendants, Reefer Watch® now "manage[s] more than one million moves per year", and Mark-It is "the number one choice of all major shipping lines for all their monitoring needs."[5] Defendants market Reefer Watch® as "a web-based, personalized tool for

---

[5] http://www.mark-itservices.com/reeferwatch.html


tracking, tracing and providing inspection and repair information for the refrigerated container/intermodal industry."[6]

ANSWER: Defendants admit that the quoted statements have appeared at the website www.mark-itservices.com. Defendants deny that those statements were necessarily made by Defendants. Defendants deny any remaining allegations in Paragraph 11.

12. Upon information and belief, through their competing Reefer Watch® service, Defendants infringe the '327 Patent.

ANSWER: Defendants deny the allegations in Paragraph 12.

## COUNT I
### (Infringement of the '327 Patent)

13. STIT incorporates Paragraphs 1 through 12 as if fully set forth herein.

ANSWER: Defendants incorporate their responses to Paragraphs 1 through 12 as if fully set forth herein.

14. This cause of action for patent infringement arises under 35 U.S.C. § 271(a), 271(b), and 271(c).

ANSWER: Defendants admit that Plaintiff purports to state a claim for patent infringement under 35 U.S.C. § 271(a), 271(b), and 271(c). Defendants deny any remaining allegations of Paragraph 14.

15. Upon information and belief, Defendants jointly and severally directly infringe the '327 Patent by making, using, offering for sale, and/or selling in the United States, without authorization, wireless reefer service, including at least the Reefer Watch® service. Upon information and belief, in operation Reefer Watch® service uses equipment and systems that perform each and every element recited in at least claim 1 of the '327 Patent. In the alternative, and upon information and belief, by offering the Reefer Watch® service to customers who in

---

[6] *Id*.

turn use the Reefer Watch® service, and upon information and belief, Defendants contributorily infringe and/or induce the infringement of the '327 Patent.

ANSWER: Defendants deny the allegations of Paragraph 15.

16. As a result of Defendants' infringement of the '327 Patent, STIT has suffered irreparable harm for which STIT has no adequate remedy at law. Unless enjoined by this Court, Defendants' infringement will continue and result in further irreparable harm to STIT, a primary competitor in the marketplace.

ANSWER: Defendants deny the allegations of Paragraph 16.

17. Defendants' joint and several infringement of the '327 Patent has deprived, and will deprive, STIT of business, profits and/or royalties that it otherwise would have received.

ANSWER: Defendants deny the allegations of Paragraph 17.

## PRAYER FOR RELIEF

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever as prayed for in its Complaint.

## AFFIRMATIVE DEFENSES

### First Defense – Invalidity under 35 U.S.C. §§ 102 and 103

1. The patent in suit is invalid at least in part because the patent does not satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103, and 112.

### Second Defense – Noninfringement

2. Defendants, or either of them, have not infringed any valid enforceable claim of the patent in suit, either directly, contributorily or by inducement, literally or under the doctrine of equivalents.

### Third Defense – Failure to State a Claim

3. Plaintiff has failed to state a claim upon which relief can be granted.

### Fourth Defense – Waiver, Estoppel, Laches, and Acquiescence

4. Plaintiff's claims for damages, equitable relief or any other relief are barred in whole or in part, by the doctrines of waiver, acquiescence, laches, and equitable estoppel.

### Fifth Defense – Prosecution History Estoppel

5. Plaintiff's enforcement of the patent in suit is barred, in whole or in part, by the doctrine of prosecution history estoppel.

### Sixth Defense – Statute of Limitations

6. Plaintiff is barred under 35 U.S.C. § 286 from collecting damages of any kind for alleged patent infringement that occurred six years or more prior to the filing of the present lawsuit.

### Seventh Defense – Limitation of Damages

7. Any claim for damages is limited by 35 U.S.C. § 287.

### Reservation of Rights

Defendants reserve their right to amend its answer and defenses. In particular, Defendants intend to pursue full discovery regarding Plaintiff's conduct before the United States Patent and Trademark Office to determine whether the '327 Patent is unenforceable due to inequitable conduct.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever as prayed for in its Complaint, and respectfully requests that the Court enter a judgment:

1. Finding that Plaintiff is not entitled to any relief;

2. Dismissing Plaintiff's Complaint and claims alleged therein with prejudice;

3. Finding that Defendants have not infringed and are not infringing any claims of the '327 Patent;

4. Finding that the claims of the '327 Patent is invalid;

5. Enjoining Plaintiff and/or any of its successors, attorneys, and all persons or entities concerned with or participating with Plaintiff, from directly or indirectly asserting infringement of any claim, or instituting any further infringement action in connection with, the '327 Patent against Defendants or its customers, suppliers, agents, affiliates, successors, and assigns;

6. Finding that this case is exceptional under 35 U.S.C. § 285 and awarding Defendants their reasonable attorneys' fees, expenses, and costs incurred in connection with this action; and

7. Awarding Defendants such further relief, in law or equity, as this Court may deem just and proper under the circumstances.

Dated: July 21, 2014

/s/
Hugh M. Fain (Va. Bar No. 26494)
hfain@spottsfain.com
John M. Erbach (Va. Bar No. 76695)
jerbach@spottsfain.com
Spotts Fain, P.C.
411 E. Franklin Street, Suite 600
Richmond, Virginia 23219
(804) 697-2044
(804) 697-2144 Fax

Chad S.C. Stover (No. 4919)
BARNES & THORNBURG LLP
1000 North West Street, Suite 1500
Wilmington, Delaware 19801
(302) 300-3474
chad.stover@btlaw.com

*Attorneys for Defendants Mark-It Services, Inc. and WAM Technologies LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2014, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system, with electronic notification of such filing to all counsel of record.

                                              /s/
                              John M. Erbach (Va. Bar No. 76695)
                              jerbach@spottsfain.com
                              Spotts Fain, P.C.
                              411 E. Franklin Street, Suite 600
                              Richmond, VA 23219
                              (804) 697-2065
                              (804) 697-2165 Fax
                              *Counsel for Defendants*